


## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK
## ALBANY DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>9094-5486 QUEBEC, INC., d/b/a CONSUMER RESOURCE SERVICES;<br>ROBIN GEAR; and<br>NANDO R. CAPORICCI, a/k/a ROBERT CAPORICCI,<br><br>　　　　Defendants. | CV-No. 01-CV-1872(TJM)<br><br>**DEFAULT JUDGMENT AND PERMANENT INJUNCTION ORDER** |

U.S. DISTRICT COURT - N.D. OF N.Y.
**FILED**
OCT 21 2002
Lawrence K. Baerman, Clerk - Binghamton

On December 10, 2001, Plaintiff Federal Trade Commission ("Commission" or "FTC") filed a Complaint for Injunctive and Other Equitable Relief against Defendants 9094-5486 Quebec, Inc., doing business as Consumer Resource Services ("CRS"), Robin Gear, and Nando R. Caporicci (collectively "Defendants"). The Commission also moved for a Temporary Restraining Order ("TRO") with Asset Freeze, Expedited Discovery, Order to Show Cause, and Other Equitable Relief, pursuant to Rule 65 of the Federal Rules of Civil Procedure. The Court granted Plaintiff's motion, issued a TRO, and ordered Defendants to show cause why a preliminary injunction should not issue against them. After a hearing on January 25, 2002, at which the defendants did not appear the Court entered a preliminary injunction order against CRS, Robin Gear, and Nando R. Caporicci.

Defendants were properly served with the Summons and Complaint pursuant to the Federal Rules of Civil Procedure, and have failed to answer or otherwise defend as to the Complaint. On April 30, 2002, the Clerk of Court entered a default against Defendants, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. The Commission now has moved this Court for entry of a Default Judgment and Permanent Injunction Order against Defendants, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. Having considered the memorandum and declaration filed in support of said motion, and all other pleadings and exhibits filed in this action, the Court finds:

## FINDINGS OF FACT

1. Plaintiff Commission has brought this action pursuant to Sections 13(b) and 19(a) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b(a), and the Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. §§ 6101 *et seq.*, to obtain injunctive and other equitable relief for Defendants' violations of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the FTC's Trade Regulation Rule, entitled "Telemarketing Sales Rule" ("TSR" or "the Rule"), 16 C.F.R. Part 310.

2. The Complaint seeks both permanent injunctive relief and monetary relief for alleged unfair and deceptive acts or practices by Defendants in connection with Defendants' telemarketing activities and use of online payment services to place unauthorized charges to consumers' credit cards.

3. The Complaint states a claim upon which relief may be granted against Defendants under Sections 5, 13(b), and 19(a) of the FTC Act.

4. The Commission has the authority under 15 U.S.C. §§ 53(b), 57b, and 6105(b) to seek the relief it has requested.

5. This Court has jurisdiction over the subject matter of this case and jurisdiction over Defendants as more fully set out in this Court's Decision on the Record on January 25, 2002.

6. Venue in the Northern District of New York is proper.

7. Defendants' activities are in or affecting commerce, as defined in 15 U.S.C. § 44.

8. Defendants' practice of using online payment services to charge consumers' credit cards, without consumers' knowledge or authorization, is likely to cause substantial injury that cannot be reasonably avoided, and is not outweighed by countervailing benefits to consumers or competition and is therefore unfair and in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

9. Defendants' practice of representing that consumers authorized Defendants to charge their credit cards using online payment services is false and misleading and therefore constitutes a deceptive act or practice in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

10. In the course of telemarketing a consumer benefits package, Defendants have violated the section 310.3(a)(4) of the TSR, 16 C.F.R. § 310.3(a)(4), by making false or misleading statements to induce consumers to pay for the package.

11. Defendants have been properly served with the Summons and Complaint pursuant to the Federal Rules of Civil Procedure.

12. Defendants have been notified of the preliminary injunction order and the entry of default.

13. Defendants have failed to answer or otherwise defend as to the Complaint. Accordingly, Defendants are in default for failure to answer or otherwise defend in this action.

14. To the best of this Court's information and knowledge, Defendants are not infants, have not been declared incompetent, and are not currently in the military or otherwise exempted from default judgment under the Soldiers' and Sailors' Civil Relief Act of 1940.

15. Consumers in many areas of the United States have suffered substantial monetary loss as a result of defendants' unlawful acts or practices. Defendants have harmed the public interest by engaging these practices. Absent injunctive and ancillary equitable relief by this Court, Defendants are likely to continue to violate the FTC Act and the Rule and to injure consumers and harm the public interest.

16. It is proper in this case to issue a permanent injunction prohibiting Defendants from using online payment services and to provide for monitoring by the Commission of Defendants' compliance with such a permanent injunction.

17. It is proper in this case to enter a monetary judgment against Defendants to provide redress to consumers injured by Defendants' violations of the FTC Act and TSR.

18. Consumer injury from Defendants' unfair and deceptive practices totals at least $587,388.61. (See Thompson Aff. ¶ 11). Therefore, this amount is a reasonable approximation of the redress due to consumers and of Defendants' ill-gotten gains.

19. This action and the relief awarded herein are in addition to, and not in lieu of, other remedies as may be provided by law, including both civil and criminal remedies.

20. Entry of this Order is in the public interest.

## DEFINITIONS

A. "Defendants" means 9094-5486 Quebec, Inc., d/b/a Consumer Resource Services ("CRS"), Robin Gear and Nando R. Caporicci, also known as Robert Caporicci, and each of them, and any entity through which they do business.

B. "Online payment service" means any person, corporation, or other entity that operates via the Internet as an intermediary to transfer, directly or indirectly, credit card payments, bank account payments, or other forms of payment from actual or purported consumers or actual or purported purchasers to merchants, sellers, or suppliers of goods or services.

C. "U.S." means United States.

D. "Plaintiff" or "Commission" means Federal Trade Commission.

### I.

### PROHIBITION AGAINST USING ONLINE PAYMENT SERVICES

**IT IS THEREFORE ORDERED** that, in connection with the advertising, promotion, offering for sale, sale, or purported sale, of any goods or services, Defendants and their officers, directors, agents, servants, employees, salespersons, corporations, subsidiaries, affiliates, successors, assigns, and those persons or entities in active concert or participation with them who receive actual notice of this Order by personal service, facsimile or otherwise, are hereby permanently restrained and enjoined from the following:

A. Registering or opening accounts, directly or indirectly, with any online payment service operating in the U.S.;

B. Accepting or receiving, directly or indirectly, any payments or funds from any U.S. consumer made through any online payment service; and

C. Causing, directly or indirectly, any U.S. consumer to be charged or debited, through any credit card processing service or through any other mechanism, unless Defendants first obtain the consumers' express, verifiable authorization to the purchase and to the amount and manner in which the consumer will be charged or debited.

## II.

## PROHIBITION AGAINST FALSE OR MISLEADING STATEMENTS

**IT IS FURTHER ORDERED** that, in connection with the advertising, promotion, offering for sale, sale, or purported sale, of any goods or services, Defendants and their officers, directors, agents, servants, employees, salespersons, corporations, subsidiaries, affiliates, successors, assigns, and those persons or entities in active concert or participation with them who receive actual notice of this Order by personal service, facsimile or otherwise, are hereby permanently restrained and enjoined from making any express or implied representation or omission of material fact that is false or misleading, in any manner, orally or in writing, to any U.S. consumer or other entity, including, but not limited to, the following:

A. Falsely representing that any consumer purchased or agreed to purchase goods or services from Defendants, and therefore owes money to Defendants;

B. Falsely representing that any consumer authorized a charge to his or her credit card; and

C. Falsely representing any information material to a consumer's decision to purchase Defendants' goods or services, including, but not limited to:

1. Falsely representing that a consumer's credit card will not be charged in connection with receiving Defendants' goods or services;

2. Falsely representing that a consumer's credit card information is necessary for the consumer to receive a free trial of Defendants' goods or services; and

3. Falsely representing that a consumer will receive particular goods or services, such as a low interest rate credit card or access to unclaimed cash, from Defendants.

## III.

## PROHIBITION AGAINST VIOLATING THE TELEMARKETING SALES RULE

**IT IS FURTHER ORDERED** that Defendants shall not violate or assist others in violating the Telemarketing Sales Rule, 16 C.F.R. Part 310, including but not limited to, violating Section 310.3(a)(4) of the Telemarketing Sales Rule, 16 C.F.R. § 310.4(a)(4), by making false or misleading statements to induce a person to pay for goods or services.

## IV.

## **PROHIBITION AGAINST DISCLOSURE OF CONSUMER LISTS**

**IT IS FURTHER ORDERED** that Defendants, and their officers, directors, agents, servants, employees, salespersons, corporations, subsidiaries, affiliates, successors, assigns, and those persons or entities in active concert or participation with them who receive actual notice of this Order by personal service, facsimile or otherwise, are hereby permanently restrained and enjoined from selling, renting, leasing, transferring, or otherwise disclosing the name, address, telephone number, credit card number, bank account number, email address, or other identifying information of any U.S. consumer who paid any money to any Defendant, at any time prior to entry of this Order, in connection with promoting, offering for sale, selling, or participating in the sale of, directly or indirectly, any goods or services on behalf of any Defendant. Provided, however, that Defendants may disclose such identifying information to a law enforcement agency or as required by any law, regulation, or court order.

## V.

## **EQUITABLE MONETARY RELIEF**

**IT IS FURTHER ORDERED** that Defendants are jointly and severally liable, and judgment is hereby entered against them, for consumer redress in the amount of **$587,388.61**. In partial satisfaction of this judgment, Defendants hereby waive all claims to, and assign to the Commission all their rights, title and interest in, all assets currently frozen pursuant to the January 25, 2002 Preliminary Injunction Order against 9094-5486 Quebec, Inc., d/b/a CRS, Robin Gear, and Nando R. Caporicci, including but not limited to those assets and accounts listed in the Schedule attached to this Order ("Schedule I"). All amounts that the Commission collects toward this judgment shall be deposited into a fund administered by the Commission or its agent to be used for equitable relief, including but not limited to consumer redress and any attendant expenses for the administration of any redress fund. In the event that direct redress to consumers is wholly or partially impracticable or funds remain after redress is completed, the Commission may apply any remaining funds for such other equitable relief (including consumer information remedies) as it determines to be reasonably

related to Defendants' practices alleged in the Complaint. Any funds not used for such equitable relief shall be deposited into the United States Treasury as disgorgement. Defendants shall have no right to challenge the Commission's choice of remedies under this Section.

## VI.

## **RECORD KEEPING, DOCUMENT RETENTION, AND MONITORING**

**IT IS FURTHER ORDERED** that Defendants, for a period of eight (8) years from the date of service of this Order on Defendants, where any Defendant is the majority owner or otherwise controls any business involving the sale of goods or services to U.S. consumers, Defendants and their agents, employees, officers, corporations, successors, and assigns, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby restrained and enjoined from failing to create, maintain and make available to representatives of the Commission, upon reasonable notice:

(A)   Accounting records that reflect the cost of goods or services sold, revenues generated, and the disbursement of such revenues;

(B)   Personnel records accurately reflecting: the name, address, and telephone number of each person employed in any capacity by such business, including as an independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable;

(C)   Customer files containing the names, addresses, phone numbers, dollar amounts paid, quantity of items or services purchased, and description of items or services purchased, to the extent such information is obtained in the ordinary course of business;

(D)   Complaint and refund requests (whether received directly, indirectly or through any third party) and any responses to those complaints or requests; and

(E)   Copies of all sales scripts, training materials, advertisements, Web pages, Web sites, or other marketing materials.

*Provided* that the Commission may otherwise monitor Defendants' compliance with this Order by all lawful means available, including:

    (A)    the use of investigators or other representatives of the Commission posing as consumers or other persons or entities without the necessity of prior identification or notice;

    (B)    without further leave of Court, to obtain discovery as provided by Rules 26-34 and 36-37 of the Federal Rules of Civil Procedure, including the use of compulsory process pursuant to Federal Rule of Civil Procedure 45; and

    (C)    the use of compulsory process pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49 and 57b-1, to investigate whether Defendants have violated any provision of this Order or Section 5 of the FTC Act, 15 U.S.C. § 45.

## VII.

## NOTIFICATION TO PLAINTIFF

**IT IS FURTHER ORDERED** that, for purposes of this Order, all correspondence and notification that Defendants are required by this Order to provide to the Plaintiff shall include the name and case number of this matter and be sent to:

    Associate Director, Division of Marketing Practices
    Federal Trade Commission, H-238
    600 Pennsylvania Avenue, NW
    Washington, DC  20580.

## VIII.

## SERVICE OF ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission, upon any bank, savings and loan, financial institution, brokerage, fund, escrow agent, trustee, online payment service, credit card processing service, storage facility, mail receipt facility, or other person or entity that may have possession, custody, or control of any documents or assets of any Defendant, or that may otherwise be subject to any provision of this

Order. Service upon any branch or office of any entity shall effect service upon the entire entity. Pursuant to Fed. R. Civ. P. 4 (c)(2), this Order may be served by agents of the Plaintiff, and by agents of any process service retained by the Plaintiff.

## IX.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

## XI.

## ENTRY OF THIS JUDGMENT

**IT IS FURTHER ORDERED** that there is no just reason for delay of entry of this judgment, and, pursuant to Fed. R. Civ. P. 55, the Clerk shall enter this Order immediately.

**SO ORDERED,**

October _18_, 2002

Thomas J. McAvoy
United States District Judge
Northern District of New York